

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2006

# Gjergjaj v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2842

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gjergjaj v. Atty Gen USA" (2006). *2006 Decisions.* Paper 899.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/899

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2842
_____

GENTI GJERGJAJ,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A95 467 053)
Immigration Judge Donald V. Ferlise
_____

Submitted Under Third Circuit LAR 34.1(a)
June 13, 2006

Before: FISHER, ALDISERT, and LOURIE,* *Circuit Judges.*

(Filed: June 14, 2006)
_____

OPINION OF THE COURT
_____

_____

    *The Honorable Alan D. Lourie, United States Circuit Judge for the Federal
Circuit, sitting by designation.

FISHER, *Circuit Judge*.

We write only for the parties and thus will forgo lengthy recitation of the factual and legal background to this case. Genti Gjergjaj petitions for review of the BIA's denial of his application for asylum and withholding of removal under the Immigration and Nationality Act and the Convention Against Torture. The BIA affirmed without opinion the decision of the immigration judge. In such cases we review the immigration judge's opinion. *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir. 2005). Because the standard for withholding of removal is more stringent than for asylum eligibility, if a petitioner fails to meet the criteria for asylum, he necessarily fails to meet the criteria for withholding of removal. *Neng Long Wang v. Gonzales*, 405 F.3d 134, 144 (3d Cir. 2005).

The IJ denied Gjergjaj's application on two alternative grounds. First, he found Gjergjaj to be not credible; second, he found that Gjergjaj would fail to meet the statutory asylum eligibility standard even if his story were true. We will affirm on the latter ground.

Assuming Gjergjaj's story is true, he is from Albania and was a member or sympathizer of the National Front Party, a minority party, and had two encounters in the town of Fier with members of the Socialist Party, one of the parties in the governing coalition. On both occasions he was threatened and told to join the Socialist Party, and on one occasion he was punched. He reported these incidents to the local police, who said they would investigate. He does not know whether the perpetrators were caught, and did not contact the police again to ask. He then moved to the capital city of Tirana, where he

2

lived for six months without incident before traveling to the United States. We draw these facts from Gjergjaj's testimony at the hearing, because he admits that his written asylum application was entirely fabricated.

To qualify for asylum, an applicant must demonstrate a well-founded fear that if returned to his home country he will be persecuted on account of one of five grounds enumerated at 8 U.S.C. § 1101(a)(42)(A). The ground alleged here is political opinion. A well-founded fear of persecution can be supported, inter alia, by a showing of past persecution. *Mulanga v. Ashcroft*, 349 F.3d 123, 132 (3d Cir. 2003). "Persecution" means "extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom. . . . This definition does not include all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Ahmed v. Ashcroft*, 341 F.3d 214, 216-17 (3d Cir. 2003) (internal quotation marks omitted). Further, the acts must be carried out by the government, or by forces that the government either will not or cannot control. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002).

We agree with the immigration judge that the incidents described by Gjergjaj do not rise to the level of persecution as we have defined that term. Furthermore, Gjergjaj does not allege that the government was responsible for the incidents or is incapable of protecting him from threats or violence. Nor has he cited any evidence about conditions in Albania that would support such a finding. We conclude that, even taking Gjergjaj's

3

story as true, he has not established a well-founded fear of persecution should he be deported to Albania.

The petition for review will be denied.